**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
DERRICK ALLEN,                 )
                               )
          Plaintiff,           )
                               )
                               )         1:19cv765
          v.                   )
                               )
LAWRENCE M. CAMPBELL, et al., )
                               )
          Defendants.          )
```

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim, or alternatively under 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous due to untimeliness.

### LEGAL STANDARD

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont

de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id.[1]

Alternatively, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word frivolous is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotation marks omitted). As concerns this case, an action fails as frivolous when "it appear[s] on the face of the complaint . . . that the applicable statute of limitations bars [the plaintiff's claims] . . . ." Todd v. Baskerville, 712 F.2d

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

70, 74 (4th Cir. 1983); see also Nasim, 64 F.3d at 955 (holding that courts may anticipate defenses when conducting IFP review), 956 ("[T]he [district] court found that [the plaintiff's claim] was barred by the applicable . . . statute of limitations. In these circumstances, the district court did not abuse its discretion in concluding that the action was frivolous . . . .").

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983," pursuant to "[t]he sixth clause of the First Amendment[,] to petition the government of a[] redress of grievances, the 14th [A]mendment section [O]ne, [] the 8th [A]mendment, third clause[,] cruel and unusual punishment, [] the last clause of the [6th A]mendment . . ." (Docket Entry 2 at 3 (internal brackets omitted)), "[t]he 5th [A]mendment, . . . [and] 13th [A]mendment . . ." (id. at 6), Plaintiff initiated this action against nine defendants: (1) "Lawrence M. Campbell" ("Attorney Campbell"); (2) "Dawn Y. Baxton" ("Attorney Baxton"); (3) "Robert Brown Jr" ("Attorney Brown"); (4) "Gretchen M. Eng[el]" ("Defendant Engel"); (5) "Jay Ferguson" ("Defendant Ferguson"); (6) "Donald H. Beskind" ("Defendant Beskind"); (7) "Stephen C. Freedman" ("Attorney Freedman"); (8) "Durham County Public Defenders [O]ffice"; and (9) "The Center for Death Penalty Litigation" (the "CDPL") (id. at 1-3). The Complaint states the following as its basis for asserting claims under Section 1983:

> [Plaintiff's ] attorneys used the death penalty as a
> bargaining chip to induce [Plaintiff] into accepting an
> alford plea for crimes [he] did not commit. [Plaintiff]
> did not have comp[e]tent representation guaranteed by the
> 6th [A]mendment; moreover, [Plaintiff] was deprived of
> life, liberty[,] and property without due process
> guaranteed by the 5th [A]mendment. In truth, [Plaintiff]
> was subjected to slavery which is forbidden by the 13th
> [A]mendment not unless as a[] punishment for crimes one
> has been convicted of ([Plaintiff] was wrongfully
> imprisoned). [A]ll privileges gu[a]ranteed by the 14th
> [A]mendment[,] section one[,] ha[ve] been infringed.

(Id. at 6 (parentheses in original).) The Complaint's "Statement of Claim" states in its entirety:

> In August of 1999, [Plaintiff] was sentenced to a term of
> 54 years[ f]or the charge of First [D]egree [M]urder[,
> which] was reduce[d] to [S]econd [D]egree [M]urder and
> [Plaintiff] received a sentence of 237 months ([m]inimum)
> and 294 months ([m]aximum)[, a]nd for First Degree
> Statutory Sexual [O]ffense[, Plaintiff] received a
> sentence of 288 months, [m]inimum, and 355 months
> [m]aximum. The sentence for First Degree Sexual [Offense
> r]an at the expiration of [Plaintiff's] sentence for
> S]econd [Degree] Murder. [Plaintiff] was represented by
> [Attorney] Brown[ a]nd [Attorney] Freedman. [T]he
> prosecutor[s] for the State of North Carolina w[ere]
> [F]reda Black and Tracey Cline.

(Id. at 7.) The Complaint also alleges that, "[f]rom the outset, [Plaintiff] was wrongfully charged with [o]ffenses [he] did not commit[], and [was] imprisoned for a duration of 12 years and 7 months[.] Moreover, due to the stigma that has been attached to [Plaintiff's] name[, he] ha[s] been subject to hardship which is rife with misperception [sic], deceit[,] and neglect, " (id. at 7), and further requests "compensat[ion] for [] mental anguish and punitive damages in the amount of $700,000.00" (id. at 8).

-5-

**DISCUSSION**

**I. Attorney Campbell, Attorney Baxton, Attorney Brown, Attorney Freedman, and the Durham County Public Defender's Office**

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[2] "The Bill of Rights is a negative proscription on *public* action[,] to simply apply it to *private* action is to obliterate a fundamental fact of our political order. Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (emphasis in original) (internal citations omitted).

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

### A. No State Action

The Complaint's allegations fail to state Section 1983 claims against Attorney Campbell, Attorney Baxton, Attorney Brown, Attorney Freedman, and/or the Durham County Public Defender's Office, because such claims require "state action," Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980), and the Complaint does not establish that any of these defendants qualify as state actors (see Docket Entry 2 at 1-9). The Complaint identifies (i) Attorney Campbell as a "Public Defender," (ii) Attorney Baxton as an "Assistant Public Defender," (iii) Attorney Brown as an "Ex-Public Defender," and (iv) Attorney Freedman as an "Ex-Staff [A]ttorney for [the CDPL]/[n]ow Assistant Capital [D]efender." (Id. at 2, 3, 5.) The claims against Attorney Campbell, Attorney Baxton, Attorney Brown, Attorney Freedman, and the Durham County Public Defender's Office therefore fail as a matter of law. See American Mfrs., 526 U.S. at 50 (holding that Section 1983's under-color-of-state-law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)).

To prove that a defendant acted under color of state law, "the person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599,

615 (4th Cir. 2009). Although a private entity may satisfy that condition by performing functions "traditionally the exclusive prerogative of the State," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353 (1974), the Complaint lacks any indication that any actions of Attorney Campbell, Attorney Baxton, Attorney Brown, Attorney Freedman, and/or the Durham County Public Defender's Office so qualify (see Docket Entry 2 at 1-9).

To the contrary, the actions attributed to these Defendants fall outside the reach of Section 1983. See, e.g., Polk Cty. v. Dodson, 454 U.S. 312, 324 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Pretty v. Campbell, No. 3:19CV24, 2019 WL 4720983, at *4 (E.D. Va. Sept. 26, 2019) (unpublished) (dismissing claims against public defender and public defender's office as "[p]rivate attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings"); Kirk v. Curran, No. 3:09CV301-3, 2009 WL 2423971, *1 (W.D.N.C. Aug. 4, 2009) (unpublished) ("[N]either public defenders nor private criminal attorneys are 'state actors' under [Section] 1983."), aff'd, 357 F. App'x 529 (4th Cir. 2009); O'Neal v. South Carolina, No. 9:08-587, 2008 WL 4960423, at *3 (D.S.C. Nov. 20, 2008) (unpublished) (concluding "that the actions of a criminal defense

-8-

attorney . . . are not state action"), appeal dismissed, 328 F. App'x 283 (4th Cir. 2009).

B. Thirteenth Amendment Claim

The Complaint also fails to state a claim against Attorney Campbell, Attorney Baxton, Attorney Brown, Attorney Freedman, and/or the Durham County Public Defender's Office under the Thirteenth Amendment. The Complaint alleges that Plaintiff was "subjected to slavery[,] which is forbidden by the 13th [A]mendment," as a result of "[his] then attorneys," who "used the death penalty as a bargaining chip to induce [him] into accepting an alford plea for crimes [that he] did not commit," which resulted in his "wrongful[] imprison[ment]." (Docket Entry 2 at 6.) The Complaint also emphasizes that Plaintiff "was represented by [Attorney] Brown[] and [Attorney] Freedman." (Id. at 7.)

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. Amend. XIII, § 1. Notably "[t]he Thirteenth Amendment extends beyond state action." United States v. Kozminski, 487 U.S. 931, 942 (1988); see also Knowlin v. Wade, No. 1:17cv644, 2017 WL 3911589, at *3 n. 3 (M.D.N.C. Sept. 6, 2017) (unpublished) (emphasizing that "[v]iolations of the Thirteenth Amendment do not require that a defendant act under color of state law"). However,

-9-

the "Thirteenth Amendment does not give rise to an independent cause of action. [P]laintiffs instead must avail themselves of the remedies . . . that Congress has created under the power granted to it in that amendment." Westray v. Porthole, Inc., 586 F. Supp. 834, 838-39 (D. Md. 1984) (internal citations omitted). Here, the Complaint alleges its claims under Section 1983 and, although "[t]here is a private cause of action for violations of the Thirteenth Amendment under [Section] 1983, [] that avenue is confined to conduct by state actors," Bhagwanani v. Howard Univ., 355 F. Supp. 2d 294, 301 (D.C. Jan. 17, 2005) (citing Sumpter v. Harper, 683 F.2d 106, 108 (4th Cir. 1982)). Therefore, given the absence of state action, the Complaint has failed to properly allege a claim under the Thirteenth Amendment.

In any event, the Complaint fails to allege factual matter showing that Plaintiff endured slavery or involuntary servitude "by the use or threatened use of physical restraint or injury, or by the use of coercion through law or the legal process," Kozminski, 487 U.S. at 948. (See Docket Entry 2 at 1-9.) In addition, as it concerns the Complaint's "wrongful imprisonment" allegation (see id. at 6), other courts have held that, "where a prisoner is incarcerated pursuant to a presumptively valid judgment and commitment order . . . the [T]hirteenth [A]mendment's prohibition . . . is not implicated . . . even though the conviction may be subsequently reversed." Omasta v. Wainwright, 696 F.2d 1304, 1305

(11th Cir. 1983). Therefore, Plaintiff's Thirteenth Amendment claim, as alleged under Section 1983, fails as a matter of law.

Given all of these considerations, the Court should dismiss the Section 1983 claims against Attorney Campbell, Attorney Baxton, Attorney Brown, Attorney Freedman, and the Durham County Public Defender's Office.

## II. Defendant Engel, Defendant Ferguson, Defendant Beskind, and the CDPL

Next, beyond naming them as Defendants, the Complaint does not even so much as mention Defendant Engel, Defendant Ferguson, Defendant Beskind, and/or the CDPL. (See Docket Entry 2 at 1-9.) Thus, the Complaint fails to establish Section 1983 claims Defendant Engel, Defendant Ferguson, Defendant Beskind, and the CDPL due to the lack of factual matter suggesting that any of those defendants violated Plaintiff's constitutional rights. See American Mfrs., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

Put another way, nothing in the record indicates in any way that Defendant Engel, Defendant Ferguson, Defendant Beskind, and/or

-11-

the CDPL engaged in any violation of Plaintiff's constitutional rights as remains necessary to state a plausible Section 1983 claim. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Court should therefore dismiss all Section 1983 claims alleged against Defendant Engel, Defendant Ferguson, Defendant Beskind, and the CDPL for failure to state a claim.

### III. Statute of Limitations

Lastly, the Complaint's claims obviously fail due to Plaintiff's failure to allege them within the applicable statute of limitations period. "The statute of limitations for all [Section] 1983 claims is borrowed from the applicable state's statue of limitations for personal-injury actions . . . ." Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). "[Section] 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions set forth in [N.C. Gen. Stat.] § 1-52(5)." Id. at 67. "The limitations period for a [Section] 1983 claim begins to run when the plaintiff has a complete and present cause of action - in other words, when it could have filed suit and obtained relief." Id. (internal quotation marks omitted). "Where, however, the action is one for 'damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

-12-

unlawfulness would render a conviction or sentence invalid,' the action is not cognizable until the conviction or sentence has been rendered invalid." Taylor v. Deaver, No. 5:11CV341, 2012 WL 12905868, at *6 (E.D.N.C. Sept. 28, 2012) (unpublished) (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

Here, the Complaint bases its Section 1983 claims upon Defendants' actions to "induce [Plaintiff] into accepting an alford plea for crimes [he] did not commit" for which Plaintiff was then "wrongfully imprisoned." (Docket Entry 2 at 6-7.) In this regard, the Complaint alleges that, "in August of 1999, [Plaintiff] was sentenced to a term of 54 years," but ultimately alleges that, he was "imprisoned for the duration of 12 years and 7 months." (Docket Entry 2 at 7.)[3] Liberally construed, the Complaint asserts that, upon his release from prison, Plaintiff's "conviction or sentence [was] rendered invalid," Taylor, 2012 WL 12905868, at *6, and thus Plaintiff's causes of action accrued in March 2012, after which the limitations period would have run, unimpeded, until it expired in March 2015. Therefore, Plaintiff filed this action well outside of the limitation period and his claims obviously fail on that alternative ground.

---

[3] The Complaint also notes that Plaintiff "was sentenced on [August 26, 1999], approximately." (Docket Entry 2 at 6.)

**CONCLUSION**

In sum, Attorney Campbell, Attorney Baxton, Attorney Brown, Attorney Freedman, and the Durham County Public Defender's Office do not qualify as "state actors" subject to suit under Section 1983, Plaintiff has failed to properly assert a claim under the Thirteenth Amendment, Plaintiff has failed to allege a plausible claim for relief against Defendant Engel, Defendant Ferguson, Defendant Beskind, and the CDPL, and Plaintiff has failed to allege his claims within the applicable statute of limitations period.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, or alternatively pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for obvious untimeliness.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

December 19, 2019